UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL TOOLS & INSTRUMENTS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 20-cv-1036 |
| v. | ) ) | Hon. Jorge L. Alonso |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Defendant Bahlaa Projects LTD's motion [34] to dismiss for lack of personal jurisdiction is granted. Plaintiff's claims against Bahlaa Projects LTD are dismissed without prejudice. Defendant Claude Meloche a/k/a The Survival Island's motion [43] to dismiss for lack of personal jurisdiction is denied as moot, because plaintiff already dismissed that defendant voluntarily. Defendant Ationgle's motion [68] for extension of time to answer or otherwise plead is granted. Ationgle's deadline to answer or otherwise plead is August 21, 2020

## STATEMENT

Plaintiff filed against many defendants a complaint asserting claims for violation of the Lanham Act. In response, two defendants, Bahlaa Projects LTD and Claude Meloche a/k/a The Survival Island, filed motions to dismiss for lack of personal jurisdiction. Plaintiff failed to respond to the motions.

"When challenged, the plaintiff has the burden of proving personal jurisdiction." *John Crane, Inc. v. Shein Law Center, Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018). Where a court does not hold a hearing on personal jurisdiction, the plaintiff's burden is "to set forth a prima facie showing of jurisdiction." *John Crane*, 891 F.3d at 695.

Federal courts follow state law in determining personal jurisdiction, and the "Illinois long-arm statute requires nothing more than the standard for federal due process." *John Crane*, 891 F.3d at 695. Within the bounds of the Due Process Clause, courts recognize two types of jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, __ U.S. __, __, 137 S.Ct. 1773, 1780 (2017).

"A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Brisol-Myers*, 137 S.Ct. at

1780.  "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose [general] jurisdiction."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  Specifically, for a corporate defendant, "the place of incorporation and the principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"  *Daimler*, 571 U.S. at 137 (citation omitted).

"Specific jurisdiction is very different [from general jurisdiction].  In order for a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'"  *Bristol-Myers*, 137 S.Ct. at 1780 (quoting *Daimler*, 571 U.S. at 127).  "In other words, there must be 'an affiliation between the forum and the underlying controversy."  *Bristol-Myers*, 137 S.Ct. at 1780.  "For specific jurisdiction, a defendant's general connections with the forum are not enough."  *Bristol-Myers*, 137 S.Ct. at 1781.

As to defendant Bahlaa Projects LTD, plaintiff has not made a prima facie showing of personal jurisdiction.  Defendant asserts that it is incorporated in Israel, has no presence in Illinois and does not market its products to Illinois customers.  Plaintiff, who has the burden, did not respond to the motion by the deadline set by the Court (or, for that matter, at all).  Plaintiff has not shown that defendant is subject to the general jurisdiction of this Court, because plaintiff has not shown that defendant is incorporated in or has its principal place of business in Illinois.  Nor has plaintiff bothered to show specific jurisdiction over this defendant.  Accordingly, defendant Bahlaa Projects LTD's motion to dismiss for lack of personal jurisdiction is granted, and plaintiff's claims against it are dismissed.  The dismissal is without prejudice to bringing those claims in an appropriate forum.

Plaintiff also failed to respond to the motion to dismiss filed by defendant Claude Meloche a/k/a The Survival Island.  That motion would have been granted for the same reasons, except that plaintiff has already voluntarily dismissed its claims against this defendant.  [Docket 55].  Accordingly, the motion is denied as moot.

SO ORDERED. ENTERED:  July 15, 2020

_____
JORGE L. ALONSO
United States District Judge